### Hempsey v. Altimari Brothers

*Joseph P. Zawrotny,* for plaintiff.
*Robert St. Leger Goggin,* for defendants.

CIPRIANI, *J.*, January 8, 1975 — Plaintiff initiated the instant litigation following the explosion and fire in an American Motor Corporation automobile purchased from Altimari Brothers. Liability is based in theory of strict liability as set forth in Restatement 2d, Torts, §402A.

The preliminary objections filed by defendant American Motors Corporation are in the nature of a motion for a more specific pleading. The principal objection stems from plaintiff's failure to state what specific defect caused the fire and explosion. As a result, plaintiff also failed to indicate what specific defect defendants knew or should have known and what defect, in fact, caused the automobile to be unfit for its customary and usual uses.

The pleadings and discovery conducted to date show that plaintiff returned the automobile to the dealer for repairs and servicing several times since the purchase and prior to the fire and explosion.

Plaintiff correctly asserts that his complaint conforms to Pa.R.C.P. 1019(a) and that the information sought here by defendant is more properly a matter for discovery.

The recent case of Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A. 2d 914 (1974), specifically held (at 457 Pa.):

". . . in a strict liability case . . . evidence of a specific defect . . . is not necessary to take this part of the plaintiff's case to a jury."

The above case is clearly consistent with the rationale behind the theory of strict liability as embodied in section 402A of the Restatement 2d, Torts. If it were necessary to particularize and identify the exact defect in a situation like this, there would be no real difference between the operative requirements of a traditional negligence case and proceeding in the theory of strict liability.

### ORDER

And now, January 8, 1975, upon consideration of plaintiff, Raymond Hempsey's answers to defendant's preliminary objections, it is hereby ordered and decreed that the above preliminary objections be overruled and the original complaint be allowed to remain as set forth.